Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| DAVID DIAZ CASTRO<br><br>**Querellado-Recurrente**<br><br>Vs.<br><br>INSTITUCIÓN CORRECCIONAL BAYAMÓN 501<br><br>**Querellante-Recurrida** | TA2026RA00140 | *REVISIÓN ADMINISTRATIVA* procedente del Junta de Libertad Bajo Palabra<br><br>Querella Núm. B-1903-25<br><br>SOBRE:<br>Junta de Libertad Bajo Palabra |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 14 de abril de 2026.

El 25 de marzo de 2026, el Sr. David Díaz Castro (señor Díaz o el recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, mediante una revisión judicial y solicitó la revisión de una *Respuesta del Área Concernida/Superintendente* que se emitió el 23 de diciembre de 2025 y se notificó el 7 de enero de 2026 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División de Remedios). Mediante el aludido dictamen, la División de Remedios le informó al recurrente que cumplía el mínimo de su sentencia en el año 2028 por lo que se le estaría refiriendo a la Junta de Libertad Bajo Palabra (JLBP) cuando correspondiera.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 8 de diciembre de 2025, el señor Díaz presentó una *Solicitud de Remedio Administrativo* mediante la cual solicitó ser referido a la JLBP, por entender que había cumplido con los años

requeridos para cualificar para dicho referido. Atendida la solicitud, el 23 de diciembre de 2025, la División de Remedios emitió una *Respuesta del Área Concernida/Superintendente* que se notificó el 14 de enero de 2026, en la cual le informó al recurrente que cumplía el mínimo de su sentencia en el año 2028 por lo que se le estaría refiriendo a la JLBP cuando correspondiera.

Inconforme con este dictamen, el 23 de enero de 2026, el recurrente presentó una *Solicitud de Reconsideración.* En esta, sostuvo que no estaba solicitando información sobre el cumplimiento mínimo de su sentencia, sino que su petición iba dirigida a que se iniciara el proceso ante la JLBP, por entender que, conforme al reglamento aplicable, las personas confinadas con sentencias indeterminadas como la suya podían ser referidas a la JLBP una vez hayan cumplido 12 años naturales de su sentencia.

Así las cosas, el 6 de febrero de 2026, la División de Remedios emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional* acogiendo la petición de reconsideración. Posteriormente, el 17 de febrero de 2026, la División de Remedios emitió una *Resolución* que se notificó el 2 de marzo de 2026. En esta realizó unas determinaciones de hechos y luego, conforme a éstas y al derecho aplicable determinó lo siguiente:

> Se orienta al recurrente que luego de evaluar la Hoja de Control de Liquidación de Sentencia en donde indica que el mínimo de sentencia para ser referido a la Junta de Libertad Bajo Palabra es para el 29 de mayo de 2028.
>
> Es importante señalar que el recurrente fue sentenciado de la siguiente manera:

| | |
|---|---|
| Asesinato en Primer Grado | 99 años |
| Artículo 8 de Ley de Armas | 10 años |
| Artículo 262 Código Penal (1974) | 5 años |

> Según dispone el Reglamento de la Junta de Libertad Bajo Palabra los casos sentenciados por Asesinatos en Primer

Grado con sentencias de 99 años deben cumplir veinticinco (25) años naturales antes de tomar jurisdicción.

En atención a lo antes mencionado, se confirmó la respuesta del 23 de diciembre de 2025. En desacuerdo con este dictamen, el 25 de marzo de 2026, el recurrente presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Entendemos que tanto la oficina de los remedios administrativos, como mi sociopenal y la oficina de reconsideración fallaron, erraron al no darme una contestación concreta con base legal. Digace [sic], nombrando el manual del la hon. JLBP o base administrativa.**

**También erran y fayan [sic] al no mostrar con base legal que nuestro argumento al tiempo que se comienza a referirme para la hon. JLBP según el manual de la JLBP no comienza en el tiempo establecido ya mencionado en los remedios administrativos.**

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

II.

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias

administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

La Ley Núm. 118 de 22 de junio de 1974, según enmendada, también conocida como *Ley de Libertad Bajo Palabra*, 4 LPRA sec. 1501 *et seq.* (Ley Núm. 118-1974) creó la JLBP. Particularmente, mediante el Art. 3 de dicha ley, 4 LPRA sec. 1503, se facultó a la Junta a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales en Puerto Rico".

La libertad bajo palabra constituye un mecanismo mediante el cual se le permite a una persona convicta de algún delito cumplir su sentencia, o parte de ella, fuera de la institución penal. *Benítez Nieves v. ELA et al.*, 202 DPR 818 (2019).

Ahora bien, el Reglamento Núm. 9684, intitulado *Reglamento de la Junta de Libertad Bajo Palabra*, aprobado el 8 de agosto de 2025 (Reglamento Núm. 9684), establece las normas procesales que rigen el ejercicio de la función adjudicativa de la JLBP. En lo concerniente al caso ante nuestra consideración, el Artículo VII, Sección 7.2(A)(2) del Reglamento Núm. 9684, relativo a la jurisdicción de la JLBP para atender los casos referidos, dispone lo siguiente:

> Cuando el peticionario haya sido sentenciado por asesinato en primer grado, la Junta adquirirá jurisdicción cuando la persona haya cumplido veinticinco (25) años naturales o cuando haya cumplido diez (10) años naturales si la persona convicta por dicho delito lo fue un menor juzgado como adulto.

III.

En el presente caso, el recurrente plantea, en esencia, que la División de Remedios erró al no fundamentar adecuadamente su determinación en derecho y al no acoger su interpretación sobre el momento en que procede su referido a la JLBP. No le asiste la razón.

De entrada, cabe precisar que, al ejercer nuestra función revisora, debemos recordar que las decisiones de las agencias administrativas gozan de una presunción de legalidad y corrección, por lo que corresponde a la parte que las impugna demostrar que la agencia actuó fuera de los poderes delegados, erró en la aplicación del derecho, incurrió en arbitrariedad o lesionó derechos constitucionales fundamentales. *Rolón Martínez v. Supte. Policía*, supra, pág. 35; *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, supra. De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente

mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. *Torres Rivera v. Policía de PR*, supra, págs. 627-628.

En este caso, del expediente surge que la División de Remedios evaluó la solicitud del recurrente a la luz de la Hoja de Control de Liquidación de Sentencia y del marco normativo aplicable, incluyendo el Reglamento Núm. 9684 de la JLBP. A base de ello, determinó que el recurrente cumple el mínimo de su sentencia el 29 de mayo de 2028, por lo que su referido a la JLBP procederá en ese momento.

Contrario a lo alegado por el recurrente, dicha determinación encuentra apoyo en el derecho aplicable. El Artículo VII, Sección 7.2(A)(2) del Reglamento Núm. 9684, *supra*, dispone expresamente que, en los casos en que una persona haya sido sentenciada por asesinato en primer grado, la JLBP adquirirá jurisdicción una vez esta haya cumplido veinticinco (25) años naturales de su sentencia, salvo la excepción aplicable a menores juzgados como adultos, la cual no surge de los hechos del presente caso.

Aquí, el recurrente fue sentenciado, entre otros delitos, por asesinato en primer grado a una pena de noventa y nueve (99) años. Por consiguiente, le aplica la norma reglamentaria antes citada, que condiciona la jurisdicción de la JLBP al cumplimiento de veinticinco (25) años naturales de reclusión. En ese contexto, la determinación administrativa de fijar el año 2028 como la fecha en que cumple el mínimo de su sentencia —y, por ende, el momento en que procede su referido— resulta razonable y cónsona con el derecho aplicable.

Finalmente, tampoco surge del expediente que la División de Remedios haya actuado de forma arbitraria, irrazonable o ilegal, ni que haya lesionado derechos constitucionales del recurrente. Por el contrario, atendió su planteamiento, acogió su solicitud de reconsideración y emitió una resolución fundamentada en los

hechos y el derecho aplicable. En consecuencia, al no configurarse ninguna de las circunstancias que justificarían nuestra intervención, procede confirmar la determinación recurrida.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones